IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DANA S. THOMASON and DEANNA P. )
THOMASON, Husband and Wife, Individually )
and as natural parents and guardians of their )
deceased minor child, Colby James Thomason, )
                                             )
              Plaintiffs, )    Case No. CV04-471-C-EJL
                                               )
vs. )    MEMORANDUM ORDER
                                               )
NEZ PERCE TRIBE, )
                                               )
              Defendant. )

Pending before the Court in the above entitled matter is Defendant's motion to dismiss. The matter is fully briefed and ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

## FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from the tragic death of the Plaintiffs' son, Colby James Thomason. At approximately 8:00 p.m. on September 16, 2002, Colby Thomason and another minor were on private property, with permission, located within the Nez Perce Indian Reservation bugling elk. It was dark. Nez Perce Tribal member Kim Ellery Rickman, Jr. and a friend were driving on an adjoining road and heard the bugling. Mr. Rickman stopped the car and crossed a fence, entering the private property, while himself bugling. Mr. Rickman then fired his rifle in the direction of Colby Thomason's bugling; the bullet struck and killed Colby Thomason. Mr. Rickman was indicted in federal court on charges of involuntary manslaughter and use of a firearm during a crime of violence resulting in death. Pursuant to a plea agreement, Mr. Rickman entered a plea of guilty

MEMORANDUM ORDER - Page 1

to the involuntary manslaughter charge and was sentenced to three years in custody followed by three years supervised release pursuant to certain terms and conditions.

On December 21, 2004, Plaintiffs, Dana S. Thomason and Deanna P. Thomason, filed this wrongful death action against the Nez Perce Tribe ("the Tribe") seeking damages for the wrongful death of their son, an order prohibiting the Tribe from authorizing the use of firearms for hunting, and for costs and attorney fees. (Dkt. No. 1). The complaint argues the Tribe's authorization of the use of firearms for hunting runs contrary to the rights given to the Tribe by the Treaty with the Nez Perce, June 11, 1855, Art. III, Treaty with the Nez Perce, 12 Stat. 957 (June 11, 1855) ("the Treaty"); noting the hunting methods employed by Tribal ancestors did not include the use of firearms. The complaint also asserts the Tribe has a duty to citizens of the United States and the State of Idaho to properly educate and train Tribal members under the age of eighteen how to hunt safely; arguing the Tribe's failure to educate Mr. Rickman when he was a minor is a breach of this duty and contributed to the death of Colby Thomason. The Nez Perce filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(1), (2), and (6).

## DISCUSSION

The motion asserts dismissal is proper because 1) the Tribe is entitled to sovereign immunity, 2) the Court lacks subject matter jurisdiction, and 3) because the complaint fails to state a claim upon which relief can be granted. Further, the motion asserts the complaint fails to join an indispensable party by not naming Mr. Rickman in the action. The Plaintiffs' central argument asserts that the Tribe's conduct was outside the scope of the Treaty and its sovereign immunity and, therefore, the tribal immunity does not preclude the action.

1)      Sovereign Immunity:

The Tribe maintains sovereign immunity bars this case. While recognizing this may be a case of first impression, Plaintiffs argue that the Tribe acted outside the scope of its immunity and, thus, is subject to liability. The Plaintiffs' response states "Allowing unrestricted hunting rights violates the treaty and the Tribe should not be able to hide behind their sovereign shield." (Dkt. No. 9, p. 3).

MEMORANDUM ORDER - Page 2

The Plaintiffs' argument appears to have been previously considered and rejected by the Ninth Circuit.  See Chemehuevi Indian Tribe v. California State Bd. of Equalization, 757 F.2d 1047, 1052 (9th Cir. 1985) *rev'd on other grounds* (discussing Snow v. Quinault Indian Nation, 709 F.2d 1319, 1322 (9th Cir. 1983); see also Nero v. Cherokee Nation of Oklahoma, 892 F.2d 1457, 1460-61 (10th Cir. 1989).  In a general discussion of sovereign immunity, the Ninth Circuit stated that tribal immunity does not preclude "actions which allege conduct that is determined to be outside the scope of a tribe's sovereign powers."  Snow v. Quinault Indian Nation, 709 F.2d 1319, 1322 (9th Cir. 1983) *opinion receded*.  In a later decision, the Ninth Circuit, quoted the same language.  Hardin v. White Mountain Apache Tribe, 761 F.2d 1285, 1287 (9th Cir. 1985) *superseded by* 779 F.2d 476 (1985).  The Snow language, however, was later determined to be an inadvertent application of the *Ex parte Young/Larson* test, which is applicable only to suits against tribal officials, not the tribe itself.  Chemehuevi Indian Tribe, 757 F.2d at 1052 (discussing Snow); see also Nero, 892 F.2d 1460-61.  In Chemehuevi Indian Tribe the Ninth Circuit made the distinction between suits brought against the tribe and those against tribal officials and concluded that "The tribe remains immune from suit regardless of any allegation that it acted beyond its authority or outside of its powers."  Id..  Subsequently, the Hardin opinion was superseded by a decision omitting the Snow quote from the sovereign immunity discussion.  See Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 478-79 (9th Cir. 1985).  Thus, Plaintiffs' argument here that tribal actions beyond the scope of their immunity are subject to suit fails.

Because this action is brought only against the Tribe, to whom the immunity applies, the question then becomes whether the immunity has been waived or the suit is one that is otherwise allowed as a matter of law.  The Supreme Court has clearly held that Indian tribes are subject to suit only where Congress has authorized the suit or the tribe has waived its sovereign immunity.  See Nez Perce Tribe v. Idaho Power Co., 847 F.Supp. 791, 806 (D. Idaho 1994) (citing Kiowa Tribe of Oklahoma v. Manufacturing Technologies, 523 U.S. 751 (1998); Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, 476 U.S. 877, 890 (1986); Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978) (Suits against Indian tribes are barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation); Oklahoma Tax Com'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991) (Suits against tribes are barred by

MEMORANDUM ORDER - Page 3

sovereign immunity absent clear waiver by tribe or congressional abrogation); <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44  (1996) (Since holding Congress exceeded its authority, the abrogation of sovereign immunity under Section 106 could present constitutional issues with the Eleventh Amendment)). "A waiver of sovereign immunity for Indian tribes 'cannot be implied but must be unequivocally expressed.'" <u>Id.</u> (citation omitted).  These cases do not contemplate that a Tribe can execute an express waiver solely by violating a statute or arguably acting beyond the scope of its sovereign powers.  <u>Santa Clara Pueblo</u>, 617 F.2d at 540.  Because the Nez Perce Tribe is afforded sovereign immunity which it has not expressly waived in this case nor authorized by Congress, the Court finds the motion to dismiss should be granted.

2)      <u>Scope of the Treaty</u>:

        Were the Court to have determined above that sovereign immunity did not preclude this action, the Court would still dismiss the action concluding the Plaintiffs have failed to state a claim upon which relief can be granted.  Plaintiffs argue because the Tribe failed to impose hunting regulations on its members and properly educate Mr. Rickman when he was a minor that the Tribe breached its duty under the Treaty, which contributed to the death of their son.  The Tribe maintains that the Treaty does not impose such a duty and that it cannot be held liable for the reckless actions of an individual member of the Tribe.  Further, the Tribe points out that even if such a duty existed, Mr. Rickman's conduct was in violation of both Tribal and Federal law and, thus, the Tribe had fulfilled its duty.

        In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." <u>Wyler Summit P'ship v. Turner Broad. Sys., Inc.</u>, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, the court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim. <u>See</u> <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "'The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims.'" <u>Id.</u> (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), *overruled on other grounds by* <u>Harlow v.</u>

MEMORANDUM ORDER - Page 4

Fitzgerald, 457 U.S. 800, 807 (1982)). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957); see also Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995). A claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. See United States v. Howell, 318 F.2d 162, 166 (9th Cir. 1963).

The Treaty at issue here resulted in the Indians ceding to the United States a vast territory exceeding 16,000 square miles in area for monetary and other considerations. State v. Simpson, 54 P.3d 456, 457 (Idaho App. 2002) (citation omitted). The Treaty served to reserve to tribal members certain rights to hunt, fish, and gather food off of the reservation:

> The exclusive right of taking fish in all the streams running through or bordering said reservation is further secured to said Indians; as also the right of taking fish at all usual and accustomed places in common with citizens of the Territory, and of erecting temporary buildings for curing, together with the privilege of hunting, gathering roots and berries, and pasturing their horses and cattle upon open and unclaimed land.

Id. When interpreting Indian treaties, it is well established that certain canons are of special importance and the courts are required to consider the treaties' central purpose and construe the treaties as they were originally understood by the tribal representatives. Nez Perce Tribe, 847 F.Supp. at 806 (citations omitted). In addition, the courts have traditionally resolved ambiguities in favor of the tribes and interpreted the treaties in the Indians' favor. Id. The Court cannot locate nor have the Plaintiffs identified any authority for its interpretation of the Treaty as imposing a duty upon the Tribe to regulate and/or educate its members. Having reviewed the language of the Treaty, the Court finds it does not, on its face, impose any such duty. The Treaty instead was intended to ensure that certain traditional native tribal customs, including hunting and fishing, would be preserved on the land which the Tribe was ceding to the United States. The Court finds that because the Treaty does not impose the asserted duty on the Tribe, the Plaintiffs' arguments fail to give rise to a cause of action. The Plaintiffs' can prove no set of facts in support of their claim which would entitle them to relief. The motion to dismiss is granted.

MEMORANDUM ORDER - Page 5

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** that Defendants' Motion to Dismiss (Docket No. 6) is **GRANTED**.  The Complaint is dismissed in its entirety as to all parties.  Each side shall bear their own costs and attorney fees.

DATED:  **August 29, 2005**

Honorable Edward J. Lodge
U. S. District Judge